IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-00067-RLV
(5:99-CR-00012-RLV-6)

| | |
|---|---|
| FLOYD JUNIOR POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* petition for habeas relief which he filed pursuant to 28 U.S.C. § 2241.

On November 12, 1999, Petitioner was convicted in this District following a jury trial on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One); and one count of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Seven). Petitioner was sentenced to concurrent terms of 240-months' imprisonment. (5:99-CR-00012, Doc. No. 296). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his conviction and sentence were affirmed. United States v. Powell, 38 F. App'x 140 (4th Cir.) (unpublished), cert. denied, 536 U.S. 912 (2002).

Petitioner then filed a § 2255 motion on November 2, 2002, which was dismissed on the merits and this disposition was affirmed on appeal by the Fourth Circuit. United States v. Powell, No. 5:02-CV-00138-RLV (W.D.N.C. Dec. 2, 2004), dismissed, 175 F. App'x 637 (4th Cir. 2006) (unpublished). Petitioner later filed several other § 2255 motions and these were each dismissed

1

as successive and there are no pending direct appeals from these dismissals. See (Civil Case Nos. 5:05-CV-00014-RLV, 5:12-CV-108-RJC, 5:13-CV-30-RLV, 5:14-CV-94-RLV; 5:14-CV-00007-RLV; 5:14-CV-00094).

On June 4, 2015, the Clerk docketed the present § 2241 petition in which Petitioner argues that his constitutional rights were violated during his criminal prosecution by, among other things, being tried by a jury composed entirely of white people, prosecutorial misconduct, ineffective assistance of counsel, and a general miscarriage of justice. (5:15-CV-00067, Doc. No. 1: Petition at 1). As noted, Petitioner has repeatedly filed § 2255 motions and raised claims which are similar – if not identical – to the claims he raises in his § 2241 petition. With the exception of the first § 2255 motion, all of the § 2255 motions were dismissed as unauthorized pursuant to 28 U.S.C. § 2255(h)

Through the present habeas action Petitioner is again attacking the legality of his criminal judgment which is ordinarily an action that must be filed under the provisions of § 2255 which provides as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A petitioner may proceed, however, under § 2241 in an effort to challenge his conviction or sentence but only if the petitioner can demonstrate that a remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond

question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

After considering Petitioner's arguments, the Court finds that Petitioner cannot meet the elements of this three-part test; therefore, he may not proceed with his § 2241 petition because a § 2255 motion is not an inadequate or ineffective vehicle to argue his present claims even though he may be currently barred from presenting a successive § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (finding that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . .") (internal citations omitted).

Based on the foregoing, the Court finds that the § 2241 petition should be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2241 petition motion is **DENIED**. (Doc. No. 1).

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: June 18, 2015

Richard L. Voorhees
United States District Judge